Accordingly, the case is dismissed for lack of jurisdiction.

DISMISSED.

JOY TECHNOLOGIES, INC.,
Plaintiff–Appellant,

v.

Harry F. MANBECK, Jr., Commissioner of Patents and Trademarks,
Defendant–Appellee.

No. 91–1119.

United States Court of Appeals,
Federal Circuit.

March 20, 1992.

Raymond G. Hasley, Rose, Schmidt, Hasley & DiSalle, Pittsburgh, Pa., argued, for plaintiff-appellant.

Lee E. Barrett, Associate Sol., Office of the Sol., Arlington, Va., argued, for defendant-appellee. With him on the brief were Fred E. McKelvey, Sol. and Richard E. Schafer, Associate Sol.

Before ARCHER, MAYER and RADER, Circuit Judges.

ARCHER, Circuit Judge.

Joy Technologies, Inc. (Joy)[1] appeals the judgment of the United States District Court for the District of Columbia affirming the decision of the Patent and Trademark Office (PTO) Board of Patent Appeals and Interferences (board) which sustained the rejection of claims 1–4, 11, 12, 16 and 18 of U.S. Patent No. 4,042,864 ('864) under 35 U.S.C. § 103 (1988) in a reexamination proceeding. Joy further seeks review of the district court's conclusion that the reexamination statute does not unconstitutionally deprive a patentee of a jury trial and the court's imposition of costs against Joy pursuant to 35 U.S.C. § 145. We *affirm*.

1. Formerly Joy Manufacturing Company.

2. The reexamination statute, which took effect on July 1, 1981, applies to unexpired patents

I

Joy is the owner of the '864 patent for an "AC–DC Traction Drive System" which issued on August 16, 1977.

In April 1980, Joy brought an action against a competitor, National Mine Service, Inc. (National), alleging infringement of the '864 patent. The case was dismissed without prejudice when the parties entered into a settlement agreement in which National agreed not to bring suit in any United States court challenging the validity of Joy's patent. In *Joy Mfg. Co. v. National Mine Serv. Co., Inc.*, 810 F.2d 1127, 1 USPQ2d 1627 (Fed.Cir.1987), this court held that the settlement agreement did not prohibit National from filing a request for reexamination pursuant to 35 U.S.C. § 302.[2]

In the reexamination proceedings, claims 1–4, 11, 12, 16 and 18 were determined to be unpatentable under 35 U.S.C. § 103 and claims 5–10, 13–15 and 17 were confirmed as being patentable.

Joy then filed a complaint against the Commissioner of Patents and Trademarks in the district court under 35 U.S.C. §§ 145 and 306 demanding a jury trial, taking exception to the allowance of the reexamination, and contesting the section 103 rejection. In preliminary proceedings on motions by the Commissioner, the district court (1) held that the Commissioner's decision to order reexamination is committed to agency discretion and is not reviewable, (2) struck Joy's demand for a jury trial on the basis that sovereign immunity precludes a jury trial because Congress has not affirmatively granted such a right under 35 U.S.C. § 145, and (3) struck a paragraph of Joy's complaint challenging the constitutionality of the reexamination statute. *Joy Technologies, Inc. v. Quigg*, 12 USPQ2d 1112 (D.D.C.1989) (Gasch, J.) (*Joy I*).

The Commissioner thereafter moved for summary judgment that the invention of the '864 patent would have been obvious under section 103 and that the decision of

issued before that date. Pub.L. No. 96–517, § 8(b), 94 Stat. 3015, 3027.

the board was correct. In ruling on the motion, the district court held that there was no genuine issue of fact regarding the scope and content of the prior art, the differences between the prior art and the claimed invention, and the level of ordinary skill in the art and that such facts were deemed established. Fed.R.Civ.P. 56(d). The district court found, however, that there existed genuine issues of material fact relating to objective indicia of nonobviousness and to that extent denied the motion. *Joy Technologies, Inc. v. Quigg,* 732 F.Supp. 227, 14 USPQ2d 1432 (D.D.C. 1990) (Bennett, J.) (*Joy II*).[3]

After a bench trial, the district court held that Joy failed to establish a nexus between the objective evidence of commercial success and the claimed invention, and that the objective evidence was therefore not entitled to substantial weight. The court affirmed the decision of the board and assessed costs against Joy pursuant to 35 U.S.C. § 145. *Joy Technologies, Inc. v. Manbeck,* 751 F.Supp. 225, 17 USPQ2d 1257 (D.D.C.1990) (Bennett, J.) (*Joy III*).

## II

■ A. Joy argues that it has improperly been denied a jury trial in an Article III court, that its due process rights have been violated and that property rights in its patent were taken within the meaning of the Fifth Amendment of the United States Constitution by the reexamination and subsequent cancellation of certain of the claims of its patent. Joy asserts that when its patent issued no mechanism existed by which the PTO could reexamine claims and find them to be unpatentable. Accordingly, under the laws then existing, patent validity was determined by an Article III court where the issue could be submitted to a jury. Joy says that had it known of the reexamination statute it could have refused the patent grant, thereby maintaining the secrecy of its invention.

To this point Joy concedes that its position does not differ from that of the patentee in *Patlex Corp. v. Mossinghoff,* 758

F.2d 594, 225 USPQ 243, *modified on rehearing,* 771 F.2d 480, 226 USPQ 985 (Fed. Cir.1985) (holding that even when applied retroactively the reexamination statute does not violate the due process clause of the Fifth Amendment, the jury trial guarantee of the Seventh Amendment, or Article III of the Constitution).

Joy contends that "[t]he Seventh Amendment analysis requirements established in *Granfinanciera* [*v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989)] and *Tull* [*v. United States,* 481 U.S. 412, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987)] raise serious doubt about the present vitality of Patlex." We disagree.

We conclude, contrary to Joy's contention, that the *Granfinanciera* decision affirms the basic underpinning of *Patlex,* viz., that cases involving "public rights" may constitutionally be adjudicated by legislative courts and administrative agencies without implicating the Seventh Amendment right to jury trial. The *Patlex* court stated that the issuance of a valid patent is primarily a public concern and involves a "right that can only be conferred by the government" even though validity often is brought into question in disputes between private parties. 758 F.2d at 604, 225 USPQ at 250.

The Court in *Granfinanciera* stated that it adhered to the general teaching of *Atlas Roofing Co. v. Occupational Safety and Health Review Comm'n,* 430 U.S. 442, 458, 97 S.Ct. 1261, 1270, 51 L.Ed.2d 464 (1977) where the Court had said: "Our prior cases support administrative fact finding in only those situations involving 'public rights.' " 492 U.S. at 51, 109 S.Ct. at 2795. In doing so, the Court noted that while "public rights" had been left undefined in *Atlas Roofing,* the Court had cited *Crowell v. Benson,* 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598 (1932), with approval. In *Crowell* the Court referred to a "private right" as "the liability of one individual to another under the law as defined," *id.* at 51, 52 S.Ct. at 292, in contrast to cases that "arise be-

---

**3.** Honorable Marion T. Bennett, Senior Circuit Judge, United States Court of Appeals for the Federal Circuit, sitting by designation. 28 U.S.C. § 291(b).

tween the Government and persons subject to its authority in connection with the performance of the constitutional functions of the executive or legislative departments." *Id.* at 50, 52 S.Ct. at 292. Nothing in *Granfinanciera* therefore casts doubt on the *Patlex* court's holding that a valid patent involves public rights.

Joy's reliance on *Tull* is similarly misplaced. The Court in *Tull* reiterated that the Seventh Amendment preserves the right to a jury trial in actions analogous to "Suits at common law," 481 U.S. at 417, 107 S.Ct. at 1835, and citing *Atlas Roofing* noted "the Seventh Amendment is not applicable to administrative proceedings." 481 U.S. at 418, n. 4, 107 S.Ct. at 1835 n. 4. Trying to equate its appeal of the reexamination decision to an action analogous to a "suit at common law," Joy argues that the reexamination proceeding should be construed as most like a declaratory judgment action where the PTO is seeking a determination that Joy's patent is invalid. It admits, however, that the PTO could not bring such a suit. Thus, there is no basis to recharacterize the statutory procedure established by Congress in the reexamination statute.

Because *Patlex* is controlling authority and has not been impaired by either of the subsequent Supreme Court cases cited by Joy, we reject Joy's attack on that decision.

Joy contends further that the holding in *Patlex* was only concerned with "public rights," and does not control the loss of "private rights." Joy says that "[35 U.S.C. § ] 112 forced [it] to make a public disclosure of separate proprietary information to obtain a claim ... [and] can force the disclosure of trade secrets." This subject matter is, according to Joy, property separate from that recited in the claims and cannot be recaptured after the PTO determines on reexamination that the patent claims were improvidently granted.

We need not reach Joy's argument that it was deprived of private rights. Joy's patent remained in force after the reexamination, although with fewer claims. Joy was required to make an adequate disclosure to support these claims, and it has not argued that any of the disclosures in the application were not required for the allowed claims.

■ B. Regarding the obviousness rejection of claims 1–4, 11, 12, 16 and 18 of the '864 patent under 35 U.S.C. § 103, Joy makes substantially the same arguments that it made before the district court. The district court dealt fully and correctly with all these arguments and we discern no error. Accordingly, we affirm the district court's judgment.

■ C. Finally, Joy argues that it should not have been assessed the costs of the district court proceeding. The language of 35 U.S.C. § 145, however, expressly provides that expenses of the civil action "shall be paid by the applicant." When Congress added the reexamination sections to Title 35 in 1981, it did not see fit to amend this statutory language. Therefore, the district court's assessment of costs against Joy must be upheld.

AFFIRMED.